1

1       IN THE UNITED STATES DISTRICT COURT

2          FOR THE DISTRICT OF NEW MEXICO

3    JESSICA LOWTHER, et al.,

4               Plaintiffs,

5       vs.            NO:  1:19-cv-01205-JB-SCY

6    COUNTY OF BERNALILLO, et al.,

7               Defendants.

8

9

10      Transcript of Hearing Proceedings before The

11   Honorable James O. Browning, United States District

12   Judge, Albuquerque, Bernalillo County, New Mexico,

13   commencing on April 21, 2020.

14

15   For the Plaintiff (telephonically):

16           RACHEL E. HIGGINS
             VINCE WARD
17           LAW OFFICES OF RACHEL E. HIGGINS
             111 Tulane Drive, Southeast
18           Albuquerque, New Mexico  87106

19   For the Defendant:

20           FRANK TOMAS APODACA
             BRIAN GRIESMEYER
21           SAUCEDO CHAVEZ, PC
             800 Lomas, Suite 200
22           Albuquerque, New Mexico 87102

23
                   Robin A. Brazil, RPR
24                   NM CCR #154
                   333 Lomas, Northwest
25             Albuquerque, New Mexico 87102

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1              THE COURT:  All right.  Good afternoon,
 2   everyone.  Appreciate everyone making themselves
 3   available to me this afternoon.  Court will call
 4   Jessica Lowther, et al., versus Jacob Wootton, et
 5   al., Civil Matter 19-civ-1205-JB/SCY.
 6              If counsel will enter their appearances
 7   for the Plaintiffs.
 8              MS. HIGGINS:  Good afternoon.  Rachel
 9   Higgins and Vince Ward on behalf of the guardian ad
10   litem for the minor children.
11              THE COURT:  Ms. Higgins, Mr. Ward, good
12   afternoon to you.
13              For the Defendants?
14              MR. APODACA:  Good afternoon.  Frank
15   Apodaca and Brian Griesmeyer on behalf of the county
16   Defendants.
17              THE COURT:  Mr. Apodaca, Mr. Griesmeyer,
18   good afternoon to you.
19              Anyone else need to enter an appearance?
20              MS. HIGGINS:  This is Rachel Higgins.  I'm
21   probably the only female attorney in the case.  I
22   felt the need to identify myself.  We could not hear
23   Mr. Apodaca and Mr. Griesmeyer through the phone.
24              THE COURT:  If you make sure you talk into
25   a microphone.  You don't have to stand for me.
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    You're welcome to stand.  If you do, come up to the

2    podium or come up to a microphone.  Just make sure

3    you speak.  I think you'll be able to hear as long

4    as we require everybody in the courtroom to speak

5    into a mic.

6              If you can't hear, Ms. Higgins, tell me,

7    and we'll reposition.

8              MS. HIGGINS:  Thank you, Your Honor.

9              THE COURT:  It seems to me, and y'all

10   correct me if I'm wrong, we can take up the motion

11   to dismiss and the motion to remand together.  They

12   raise similar issues, so if that's agreeable, I

13   would propose I start with you, Ms. Higgins, and let

14   you argue the motion to remand, and maybe we can

15   break this down and take some issues one at a time,

16   and we can go back and forth and take both these

17   motions together with issues.

18             I guess I'm inclined to think that the

19   Defendants are right here, that there was no proper

20   service on the Defendants, and therefore it doesn't

21   comply with the statute that this case was removed.

22   It seems to me that probably the court does have

23   jurisdiction over the case because we ignore the

24   representative's -- representative's citizenship and

25   look at the citizenship of the -- the wards

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com



1    themselves or the guardians.  I'm inclined to think

2    they're going to be right, and this case is going to

3    remain in federal court, and I'm going to have to

4    dismiss it, and we'll have to start from scratch.

5         I guess I'm a little -- the thing I pause

6    on, I think when I was in private practice, and I

7    agreed to accept service, that usually meant that we

8    didn't -- we didn't mess with service anymore.  Just

9    send me the complaint, whatever I need, and we agree

10   on a deadline so I don't miss the answer deadline,

11   and we kept moving.  It didn't mean I was going to

12   actually be served, but that's probably the way I

13   practiced, and unless that was clarified and made

14   clear, then acceptance of service meant -- means

15   what it says, and that is that you actually need to

16   get a process server and serve service on now the

17   new agent, which is an attorney that's agreed to

18   accept service.

19        So I probably would -- I'm not sure I

20   quite agree with the Defendants that when those

21   phrases are used they mean you actually have to get

22   a court reporter -- I mean a court process server,

23   but I think unless that's clarified that I have to

24   go with the -- with what those words mean, and I

25   think probably both from the statutory standpoint

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   and from the actual words used that they meant they

2   would have to be served.

3          So with that, Ms. Higgins, let me let you

4   argue your motion to remand.  Again, if we can take

5   these issues one at a time, that would be helpful

6   for me digesting the number of issues that are in

7   this -- in these motions.

8          Ms. Higgins.

9          MS. HIGGINS:  Yes, Your Honor.  Thank you.

10  I agree that you can likely dispense with those

11  motions, and we can discuss both of them at the same

12  time, because they really do enjoy a factual and

13  legal nexus, and one essentially depends on the

14  other.

15         I'll tell the court, frankly, I'm of two

16  minds.  I'm, of course, prepared to argue the

17  motions that we filed and the responses that we

18  filed.

19         I always appreciate, Judge Browning, that

20  you tell the parties ahead of time what you're

21  inclined to do and give us a brief sketch of the

22  reasons why you're inclined to do it, and since

23  you've done that in this case -- and I'll circle

24  back to why I'm of two minds.

25         I think that it would save the court

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   certainly a lot of time, and possibly the parties

2   some additional time, though I know the court will

3   brief this matter in a formal written opinion and

4   order.  Perhaps it makes the most sense, then, for

5   Plaintiffs to simply request that the case be

6   dismissed without prejudice, and we will start anew

7   in state court, and that way the court will not have

8   to do all of this work.

9           The reason why I say I'm of two minds,

10  Your Honor -- and I would guess the Defendants would

11  not oppose that since the relief they're asking for

12  is the case be dismissed.  Certainly there's time

13  left on the statute for us to file this on

14  standalone claims on behalf of our client.

15          The reason I'm of two minds, Your Honor,

16  we would hate to go through that process only to be

17  in this court or in front of another judge on the

18  forum defendant rule again, so I'm somewhat inclined

19  to at least argue Plaintiffs' position on why the

20  forum defendant rule, regardless of Defendants'

21  position on service, should apply in this case and

22  why the court should remand the case.

23          So I don't know whether the court would

24  like to entertain that given that I have given a

25  preview of our position, which is that we'd like to

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    spare the court the work and the labor of the

2    opinion, just dismiss the case, and file anew

3    against the county under the proper name for the

4    county in state court.

5              So I'll look back to the court for -- for

6    your comments on that.

7              THE COURT:  Well, I think that -- and I

8    haven't studied my prior work, but I think that the

9    Defendants referred to a case in which I had tipped

10   my hand.  I think it was in dicta, but if I remember

11   that case, I wrote that dicta on purpose for a day

12   like this where people would know that I probably

13   sided with, I think is, the majority rule, and that

14   is the Congress -- the Congress trying to -- they

15   selected those words very carefully.  Those are not

16   words that are just all over the federal rules or

17   the rules that apply to the court, and for me to

18   then carve out an exception from that language, I

19   think I indicated that I wasn't inclined to do that.

20             I know Judge Johnson has done that, but

21   Judge Johnson, I think it's fair to say, is a little

22   more hostile to remand -- or to removal than I have

23   been over the years, and he and I have talked about

24   some of my opinions, and he's said in the past

25   sometimes that, "If I had read your opinion before I

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
1   wrote my opinion, I might have come out the other
2   way."
3           So I think there has been a divergence,
4   but I think in this particular case I'd probably tip
5   my hand.  I don't mind relooking at it and bringing
6   my opinion up to date and giving you opinion on
7   that, but I think that probably I'm going to fall in
8   line with the majority if that -- if I'm reading the
9   case law correctly, of saying that Congress put
10  those words in specifically, and for me to create an
11  exception would probably not be my style, and I
12  would probably say they apply.
13          I realize that clever defendants and
14  groups of defendants can manipulate that a little
15  bit, but as we all know, there's nothing that's
16  constitutionally required by the forum defendant
17  rule.  That's a creation of Congress.  As long as
18  you have complete diversity, you satisfy the
19  diversity statute, so it's just a way of keeping
20  more cases in state court, but it's not crucial to
21  jurisdiction, so Congress -- it's totally statutory,
22  removal and remand, and as long as I have
23  jurisdiction, the fact that a few more cases come up
24  here than maybe Congress intended, but that's hard
25  to say, I'm not sure I fall into that minority group
```



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

```
1    that says they can read Congress' mind better than
2    the language that is there.
3            So I'm probably going to come out that
4    way, but I'm not averse to putting together an
5    opinion.  I'm not averse to deciding these -- these
6    motions and the issues here.  It's -- it's really
7    your call.
8            MS. HIGGINS:  Well, I appreciate that,
9    Your Honor, and no one would ever accuse you of
10   being averse to doing the work and getting the
11   opinions out.
12           Again, since you're broadcasting what your
13   view is likely to be, in all candor, I want the
14   court to know that counsel, Mr. Ward and I, have
15   discussed whether it makes any sense to go through
16   all the motions if we can simply dismiss the case
17   without prejudice and refile our standalone state
18   court claim anew.
19           I think what the court is referring to, I
20   think, is the memorandum of opinion and order that
21   the court entered in the Hunt versus Waters case, I
22   think.  Hunt and Bennett versus Waters, and that's a
23   pretty new -- a pretty new opinion and order by the
24   court from October of 2018.
25           And I guess what I'd like to do is just --
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349




MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  I don't think, Your Honor, that you did broadcast

2  what you would do under the facts of this case, and

3  I just want to raise that distinction to the court's

4  attention, because Lee versus -- Lee Hunt versus

5  Waters and every other case the Plaintiff has been

6  able to find on this subject, whether in and out of

7  jurisdiction, has involved nonforum defendants as

8  defendants removing.

9           This case is quite unique, which is why it

10  would be interesting to know how you would land,

11  because there are no -- there are no nonforum

12  defendants, and there never will be.  There never

13  will be.

14           I think the question we would ask the

15  court to think about and resolve, and I don't think

16  that you answered that in the Bennett case, I think

17  that question really is, does the forum defendant

18  rule really exist for the purposes in which it's

19  being used in this case whether a forum defendant,

20  Mr. Wootton, who has been served, certainly

21  subsequent to the filing of the notice of removal if

22  not prior to the notice of the filing of removal, is

23  it really appropriate for a forum defendant to

24  remove a case when there are only going to be forum

25  defendants and there are always only going to be

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349

BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    forum defendants.

2            I just know of no case or can't find any

3    case that finds the proposition that a forum

4    defendant can remove a case to federal court when it

5    only involves forum defendants.

6            I agree with you, Judge Browning, what's

7    before you, the decision you have to make, is not

8    just whether there's a strict construction but

9    whether the -- whether allowing a forum defendant in

10   a case like this to remove fulfills Congress'

11   intention to essentially utilize snap removal in a

12   case where both defendants are forum defendants and

13   the purpose of the statute was to protect nonforum

14   defendants of being subject to the prejudice of the

15   forum.  Those are kind of the broad strokes of

16   Plaintiffs' argument.

17           Clearly the requirement that Congress --

18   the requirement that Congress imposed was for the

19   purpose of intending -- the purpose of preventing

20   plaintiffs from tactically blocking removal by

21   joining a forum defendant who's a sham defendant

22   without ever having an intention of serving that

23   defendant or litigating against it.  Certainly

24   that's not -- no one's raising that argument in this

25   case.  Of course they can't, because both defendants

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1    are forum defendants.
 2            I think that the reason -- the reasons
 3    behind the removal statute are not fulfilled by this
 4    court if the court applies the forum defendant rule.
 5    In fact, what's really happening is gamesmanship is
 6    being allowed on the part of forum defendants.
 7            I think that Judge Johnson certainly
 8    outlined this and his reasoning therefore in the
 9    Santa Fe coal case, which you're aware of and you
10    clearly discussed with Judge Johnson.
11            THE COURT:  I didn't discuss this case
12    with him.
13            MS. HIGGINS:  I understand.  I meant the
14    Santa Fe Coal case.
15            THE COURT:  It wasn't this issue.  I can't
16    remember the issue.  There was another one we had
17    split on.  I think it was one of the ones that
18    Congress has now come in and clarified.  I can't
19    remember exactly the issue, but they made some
20    amendments to these removal and remand.  It was one
21    we split on.  I think they came out -- Congress
22    resolved it the way that -- that I had, and, you
23    know, there's been a trend.
24            You know, Congress is slowly, in this
25    area, somewhat expanding our jurisdiction rather
```



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

1    than making it harder to remove, and so it's -- it's

2    just tricky to get away from the language of the

3    statute and start trying to figure out congressional

4    intent, because, if anything, when they've had to go

5    in and weighed in and picking which side they're

6    going on in removal and remand, they've been opting

7    more times than not to expand the removal authority

8    rather than contract it and adopt a lot of these

9    district court opinions that find so many technical

10    ways to fault the removal.

11              But I did want to make it clear I don't

12    think this is -- that we discussed this issue at

13    all.  If we did, it escapes my memory.

14              MS. HIGGINS:  Well, your Honor, I took it

15    to mean you discussed his perspective as he set

16    forth in his opinion in the Santa Fe coal case.

17              THE COURT:  No, it wasn't -- that's not my

18    memory.  My memory was just in general there was

19    another removal issue where the district courts were

20    splitting.  He went one way, I went another way, and

21    I think Congress ended up resolving it the way that

22    I and some other district courts had gone.

23              MS. HIGGINS:  Well, on that note we know

24    Congress has not resolved this issue.  However,

25    legislation to prevent the type of snap removal,

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1   snap removal tactics that are being exercised in
 2   this case, actually has been introduced this year,
 3   so we'll see what happens.
 4           THE COURT:  Has that been introduced --
 5           MS. HIGGINS:  We certainly don't want to
 6   wait for that.
 7           THE COURT:  Has that been introduced in
 8   the house?
 9           MS. HIGGINS:  Yes, Your Honor.
10           THE COURT:  I think that's the problem.  A
11   lot of things are being introduced in the house
12   right now, but I'm just not sure they're going to go
13   anywhere with Senators Grassley and Lindsey Graham
14   in control of that.
15           MS. HIGGINS:  That, we can agree.
16           THE COURT:  Control of the senate
17   judiciary committee.
18           MS. HIGGINS:  We agree.  Your Honor, I
19   certainly understand that you're signaling, if you
20   haven't already, you would tend to side with the
21   narrow construction of the forum defendant rule as
22   opposed to what other judges -- other district court
23   judges within the Tenth Circuit states have done,
24   which is essentially to apply and -- a third result
25   type of analysis to the facts of whatever case is
```



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  before them on removal, and you know, the -- since

2  the requirement is intended for the plaintiffs from

3  these tactics, I think what those judges and those

4  opinions reflect is that it wouldn't make sense for

5  Congress to enact the properly joined insert

6  language to prevent gamesmanship on the part of the

7  plaintiff only to allow for a different type of

8  gamesmanship by the defendant, which is of course is

9  what Plaintiff is contending in this case.

10         And just to complete the record on the

11  forum defendant --

12         THE COURT:  Can you tell me -- can you

13  tell me -- because I am interested in the issue, can

14  you tell me what Congress would have to write out to

15  help you out in this case?  What would be the

16  language that they would have to put in a statute to

17  make it clear that these cases cannot be removed?

18         MS. HIGGINS:  Well, I think that it

19  would -- I think the language that would make it

20  more clear is something along the lines of what, in

21  fact, has been introduced in the Removal

22  Jurisdiction Clarification Act, House Representative

23  Bill 5801, which is essentially that if a case is

24  removed solely based on diversity jurisdiction like

25  here, and if at the time of the removal any party or

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
**1-800-669-9492**
e-mail: info@litsupport.com

1    interest properly joined as a defendant is either a

2    forum defendant who has not yet been properly -- I

3    should say is a forum defendant and has not yet

4    properly served, to eliminate arguments on proper

5    service, then the action would still be subject to

6    remand so long as the forum defendant is properly

7    served under state law within 30 days after that.  I

8    think what this is designed to eliminate is the race

9    to the courthouse to remove.

10        I still have to say, Your Honor, I don't

11   think any published case has contemplated what

12   Defendants have done in this case, which is a snap

13   removal of a case that doesn't involve any nonforum

14   defendants.  And I -- I realize you spoke about this

15   not as a dispositive matter but as a matter of

16   professional practice when you were an attorney,

17   when you were a trial lawyer.

18        The Plaintiffs do contend, and we've

19   clearly waived the argument that the guardian ad

20   litem domicile here in New Mexico has any relevance.

21   She shares domicile with the minor children.  We

22   agree with that.

23        And we've also waived, for the purpose of

24   not having to go through the tortured backdrop of

25   attempts to serve Mr. Wootton, any contention that

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
1    he was served at any point before counsel for
2    Mr. Wootton and the county agreed to accept service.
3    But we do -- we do think that when an attorney
4    accepts service on behalf of his clients in state
5    court, it is -- it is truly remarkable to later take
6    the position, when that counsel has received the
7    pleadings not once but twice, that service was not
8    complete for failure to file for acceptance of
9    service or something like that.
10           I recognize the court has to apply the
11   Rules of Civil Procedure and look at the federal
12   rules of diversity jurisdiction to -- to kind of
13   inform those facts, but Plaintiffs do not waive the
14   argument that there was service on the date that
15   counsel accepted service and was given the benefit
16   of the argument he requested, which was an extension
17   in the federal case.
18           So this case is unique on its facts, both
19   because there was an acceptance of service prior to
20   the notice of removal being filed and because the
21   Defendants involved in the case are forum
22   defendants, and there can never be a circumstance
23   where any Defendant in this case would require the
24   protection of the forum defendant rule.
25           So I've been talking for a long time, Your
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349




PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    Honor, probably in circles.  You clearly, I'm sure,

2    have noticed that I've learned a lot since the

3    briefing was submitted on the issue.  It's a very

4    interesting issue, and we're of the mind that the

5    Defendants are misusing the forum defendant rule in

6    this case to deprive Plaintiffs of our choice of

7    forum and venue in a state court case, basically on

8    the technicality of service.

9              If the court is so inclined, as the court

10   has already stated, we would prefer to simply

11   dismiss the case, without prejudice, to state court,

12   and we will start again.

13             THE COURT:  Well, like you put it well in

14   the sense that that is an inclination, and I have

15   been known to go back to my chambers and start

16   writing an opinion and decide that it won't write,

17   and so that happens.  So you are entitled to an

18   opinion.  If you want to press the motion to remand,

19   I'll give you an opinion, and if you want to see if

20   the Defendants agree to a dismissal without

21   prejudice and we bring this case to an end and

22   everybody go do something else, that's fine as well,

23   but it's your call, Ms. Higgins.

24             MS. HIGGINS:  Well, I would presume that

25   the Defendants would agree to a dismissal without

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   prejudice since that's what they've asked for, and

2   though I do have a terrible feeling in the pit of my

3   stomach that we may get removed on the same or a

4   different basis, I think it's -- I think I'm willing

5   to take that chance, because given the court's --

6   given the court's inclination and strict reading of

7   the forum defendant rule, if the court may -- is

8   consistent with that, really the only basis for

9   maintaining jurisdiction over the case is that

10  Plaintiffs failed to properly serve a local

11  Defendant before the case got to the court, and that

12  doesn't seem like a good enough reason for

13  Plaintiffs to be deprived of their choice of forum.

14          So long way of saying again, Your Honor,

15  I'm just so happy to be in court again.

16          THE COURT:  You're not even here.

17          MS. HIGGINS:  A long way of saying is

18  dismissal without prejudice is what we would opt for

19  judicial economy and to spare the possibility of

20  there ever being a written opinion on these tortured

21  service facts.

22          THE COURT:  All right.  Well, let's see

23  what the Defendants want to do.  You got an offer on

24  the table.  They'll just dismiss this case without

25  prejudice, and we'll see what happens.  You want to

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
1    take the offer?  You want the court to decide these
2    issues?
3             Mr. Apodaca?
4             MR. APODACA:  Yes, Your Honor.  Thank you.
5    Good afternoon.  Good afternoon to counsel.
6             THE COURT:  Mr. Apodaca.
7             MR. APODACA:  Interesting offer for
8    certain.  We do feel, as Ms. Higgins sort of started
9    the discussion with the sort of potential prediction
10   of the future if that were to happen, Defendants may
11   be monitoring the docket of the state courts to see
12   when this action would be filed again and prior to
13   service would be removing.
14            There's nothing that is different in that
15   circumstance except that it would present a cleaner
16   set of facts upon which to adjudicate these issues.
17   The position that -- that there is no longer -- you
18   know, if we go ahead with the inclination of the
19   court that the forum defendant applies here such
20   that the removal is proper and the remand motion is
21   going to be denied, it does not follow that there
22   needs to be -- there needs to be a dismissal as to
23   all Defendants in the case.
24            The response to the motion to dismiss by
25   Plaintiffs makes a big point of indicating that, you
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com



1    know, if the first effort at service didn't count,

2    and the second effort at service didn't count, we

3    have served them again to the best of our ability.

4           With respect to Mr. Wootton, he was

5    served, and an answer has been filed.  If the remand

6    motion is denied, we believe that the court has

7    jurisdiction to proceed with the case as to

8    Defendant Wootton, and as is often the case with

9    respect to a misdesignation of Bernalillo County,

10   without taking notice of the 4-46-1 statutory

11   requirement that the county be sued through the

12   board, what usually happens is that there is a

13   dismissal with a -- an invitation to refile to

14   properly style the complaint so that the Board of

15   County Commissioners is named, as the statute

16   requires, and the case proceeds.

17          What else that -- from what I heard,

18   something else that's interesting is just this

19   general idea that there's a lot of gamesmanship with

20   response to invoking the forum defendant rule.  The

21   court is reviewing the pleadings.  Our view of the

22   global set of claims implicating Defendant Wootton,

23   being by Jessica Lowther, being raised by her

24   husband, being raised by her children, we don't

25   understand why this case exists.

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1              During the pendency of a long existing
 2    lawsuit during the pendency of the stay in the
 3    lawsuit where there were requests for extensions to
 4    respond to qualifying immunity motions, this case
 5    was initiated.  So there's a bigger picture with
 6    respect to what's being done by both sides.
 7              And, you know, every attorney, including
 8    county Defendants, are entitled to seek refuge in
 9    defenses available to them, procedural, factual, or
10    otherwise.  That's what we've done.  We don't look
11    past the Plaintiffs for doing the same thing.  We
12    just think that bigger context matters with respect
13    to comments being made earlier.
14              So with respect to the offer, Your Honor,
15    respectfully we decline to accept it, and we would
16    be interested in seeing the court clarifying the
17    issues raised by the forum defendant rule, how it's
18    been interpreted as well as its application to these
19    facts.
20              A little difficulty that we had, Your
21    Honor, county defense counsel, is that I prepared,
22    because I authored the motion to dismiss, and
23    Mr. Griesmeyer was prepared to respond to the motion
24    to remand, so to the extent the court wants to get
25    into detail, I think Mr. Griesmeyer did want to
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   respond to a couple of representations made by

2   Plaintiffs' counsel concerning the state of the law

3   and whether other courts considered removal on

4   certain fact patterns with use of the forum

5   defendant rule, and we would respectfully ask

6   permission of the court to speak to those two

7   motions.

8           THE COURT:  That's fine.  As long as we

9   kind of -- it helps me to take these kind of motions

10  one bite at a time.  I certainly don't mind

11  different counsel arguing.

12          I don't think you mind, do you,

13  Ms. Higgins?

14          MS. HIGGINS:  I do not.  You done.

15          THE COURT:  Mr. Apodaca?  You want to

16  turn it over to Mr. Griesmeyer?

17          MR. GRIESMEYER:  Thank you, Your Honor.

18  The service issue I'm going to kind of skip over and

19  move into the forum defendant rule, and my reading

20  of that plain text, as the court recognized, this is

21  a procedural rule, not jurisdictional.  This is part

22  of the procedure of removal, and really the main

23  thing I wanted to point out for the court --

24          THE COURT:  If Congress could

25  constitutionally not have a forum defendant rule,

SANTA FE OFFICE                                                      MAIN OFFICE
119 East Marcy, Suite 110                                       201 Third NW, Suite 1630
Santa Fe, NM 87501                                               Albuquerque, NM 87102
(505) 989-4949                                                             (505) 843-9494
FAX (505) 820-6349                                                  FAX (505) 843-9492
                                                                           1-800-669-9492

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE                                    e-mail: info@litsupport.com

```
1    right?
2              MR. GRIESMEYER:  Absolutely, Your Honor.
3              THE COURT:  This is something that's been
4    around for a while.  I think there was a day that
5    Congress wanted to limit the cases that were now
6    removed.  We're now in a period of time where I
7    think Congress wants to have federal courts and
8    judges more involved in these cases, so it's -- it's
9    the ebb and flow of our judicial process.  There's
10   nothing unhonorable about that.  That's what makes
11   it a democracy, and this is one of the little areas
12   where it kind of plays out in our courts.
13             MR. GRIESMEYER:  Absolutely, Your Honor.
14   So what I wanted to point out, I guess we could
15   start with the history of the forum defendant rule,
16   it really was an enactment in 1948 that put in the
17   properly joined and served language.  Before that,
18   it didn't have the answer of language.  In fact, it
19   didn't require service fees on any forum defendants
20   to prevent removal in the situation there are forum
21   defendants.
22             In 1948, that changed.  The language
23   changed to require service of a forum defendant
24   before the rule could be applied.  Specifically with
25   respect to the argument that the purpose of the
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  statute is to prevent fraudulent joinder by

2  plaintiffs, really that remedy was available to

3  plaintiffs prior to 1948.  They could have moved to

4  remand a case or -- in other words, a case could

5  have been removed on the basis that a defendant was

6  fraudulently joined prior to 1948.

7          So this argument that that's Congress'

8  intent is not really clear based on that.  I mean,

9  the fraudulent joinder defense was available before

10  for defendants.  I mean, this language only appears

11  in one other place I've seen in the removal

12  statutes, and that is when it comes to requiring all

13  properly joined and served defendants to join in the

14  removal, and quite simply there, the courts have

15  explicitly held that if the defendant is not served,

16  they do not have to join at the time of removal.  By

17  the same extension, this same phrase should be

18  applied just as strictly, the only other place that

19  I found it in the statutes, which is as part of the

20  forum defendant rule.

21          At this point, Your Honor, although there

22  is a recognized --

23          THE COURT:  When did that language come

24  into the notice of removal?  Wasn't that a rather

25  recent one?  Didn't they split -- a circuit split on

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1    that issue?
 2              MR. GRIESMEYER:  Your Honor, I don't know
 3    for certain, but I have a feeling that was the split
 4    resolved in 2011.
 5              THE COURT:  I think that's the one the
 6    chief and I went in different directions, and
 7    Congress came in and went the way I had gone, which
 8    is that it had to be a defendant that had been
 9    served.
10              MR. GRIESMEYER:  Yes, Your Honor, and
11    really for that reason, too, it adds more credence
12    to the fact that Congress was specific in choosing
13    the properly joined and served language for the
14    forum defendant rule to not prevent removal where
15    there's unserved forum defendants.  That's because
16    in 2011 they specifically amended that particular
17    part of the statute, section 1441(b)(2), but they
18    didn't change the properly joined and served
19    language.  Certainly by 2011 there were already
20    splits among the district courts regarding the
21    interpretation of that.
22              And at this point, Your Honor, there
23    really is no split among the senior circuit courts
24    that have addressed this.
25              THE COURT:  This is just a district court
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

 1   split; isn't it?

 2           MR. GRIESMEYER:  Correct, Your Honor.  For

 3   all of the circuit courts that have addressed this,

 4   they have all held the plain language controls, and

 5   it's up to Congress to change that, and the results

 6   are not absurd, and it's not contrary to the purpose

 7   of the statute, whatever that purpose may have been,

 8   that nobody's been able to quite put their finger on

 9   because of the lack of legislative history on this

10   particular language.

11           Just to point out, we did, most recently,

12   of course, find that the Fifth Circuit has also

13   joined in this plain-language interpretation, but

14   more importantly, the Third Circuit and the Second

15   Circuit have both weighed in, and in those two

16   cases, which are in our notice of supplemental

17   authority that the Fifth Circuit cited to, Gibbons

18   v. Bristol-Myers Squibb Company, 919 F.3d. 699,

19   specifically on pages 704 to 707, that court

20   recognized the plain-language controls and allows a

21   forum defendant who has not been served to remove a

22   case.

23           This proposition that there is no case law

24   supporting what's been done in this case, is just

25   not true, and in fact, two circuits have held that

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    this exact set of facts is fine.

2              The other circuit is the Third Circuit in

3    the Encompass Insurance Company versus Stone Mansion

4    Restaurant Corporation, I think it's 902 F.3d. 147,

5    and specifically in that case the only defendant was

6    Stone Mansion, I think its restaurant, and that

7    non- -- that forum defendant removed prior to

8    service, and the facts of that case are surprisingly

9    similar too.  I don't know if the court read those.

10             THE COURT:  I read what you quoted out of

11   the briefing.  I have not read the entire opinion.

12             MR. GRIESMEYER:  That one is interesting

13   on the particular defense and how it comes up in the

14   grand scheme of things when there's issues with

15   service.

16             Prior to all three of these circuit

17   opinions, there's a Sixth Circuit in McCall v.

18   Scott, which we did cite, and there it's just a

19   footnote action, and it appears to be dicta.  It's

20   not clean.  It holds that the plain language holds

21   removal despite the inclusion of unserved forum

22   defendants.

23             As far as the circuits that weighed in,

24   they all hold the plain-language controls.  Not only

25   that, we did have a lengthy stream cite that we

SANTA FE OFFICE                                                          MAIN OFFICE
119 East Marcy, Suite 110                                        201 Third NW, Suite 1630
Santa Fe, NM 87501                                                Albuquerque, NM 87102
(505) 989-4949                                                              (505) 843-9494
FAX (505) 820-6349                                                  FAX (505) 843-9492
                                                                          1-800-669-9492



PROFESSIONAL COURT
REPORTING SERVICE                         e-mail: info@litsupport.com

1    included in our response of many districts that also

2    have allowed this exact scenario, a forum defendant

3    who has not been served removing the case.  And

4    that's the one that starts with the D.C. combined

5    through Cheatham case, and it's on -- let me find

6    the exact page on our brief, Your Honor.  But it is

7    on -- starting on page seven at the top, and that's

8    the string citing every one of those cases, all

9    district cases aside from the McCall v. Scott case

10   from the Sixth Circuit, they're all districts that

11   have allowed this exact situation where a forum

12   defendant who has not been served removed the case.

13   And the district courts all held, obviously, the

14   plain language allows that, and to try and create

15   any other kind of exception to applying the plain

16   language just didn't quite make sense, especially in

17   light of Congress visiting this exact language in

18   2011 and choosing to leave it the same.

19           I think those are the main points that --

20           THE COURT:  Seems like a long time ago.  I

21   thought I wrote that opinion just recently.  For you

22   to tell me it was 2011, boy, time moves on; doesn't

23   it?

24           MR. GRIESMEYER:  Well, and -- so recently,

25   Your Honor, the case -- I think Plaintiffs' counsel



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   is correct, it's the Hunt v. Jack v. Waters case

2   that you authored, and that was just last year.

3           THE COURT:  This issue, but that other

4   one, I remember it.

5           MR. GRIESMEYER:  And of course, Your

6   Honor, our interpretation is that your reliance on

7   the Brazell Tenth Circuit opinion, although it was

8   just a memorandum opinion, and also just dicta, but

9   nonetheless, that court still did interpret at least

10  the first part of this phrase strictly holding that

11  it would not apply to forum defendant rule to

12  prevent removal where the forum defendant had not

13  been properly joined, so it's just a natural

14  extension to apply the same analysis to the "and

15  served" portion.

16          I think to the question as well, as far as

17  what Congress could do to help out or help change

18  this, I mean, they would just have to remove the

19  "and served" language.  I mean, it would make that

20  language completely superfluous and meaningless to

21  hold any other way.  So really it just seems like

22  they would have to remove it.

23          THE COURT:  They go back to '48, 'right?

24          MR. GRIESMEYER:  Correct.  I think that's

25  really a lot of the statutory interpretation that we

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com



1    found in our research.  And, you know, to the point

2    I know Plaintiffs said we were critical of Judge

3    Johnson's opinion, I didn't mean to be critical.  I

4    think probably that opinion didn't have the

5    opportunity or the benefit, essentially, of seeing

6    that several circuits weigh in interpreting the

7    plain language, and also that was a different sort

8    of case than this one as well.

9                    So I don't know how much further or if

10   there's any other questions from the court on the

11   forum defendant rule.  I do agree it would be

12   helpful to have some guidance on this particular

13   rule and how the district court sees it at this

14   time.

15                    THE COURT:  I don't mind writing an

16   opinion on it, but I guess I'm wondering, you know,

17   each chief judge, he's got an opinion out there.

18   You've kind of got mine, where you can tell where

19   I'm going.  Does that give anybody any more

20   guidance?  It might in my court, might in his court,

21   but is it going to give any more guidance in Judge

22   Herrera or Judge Parker's or Judge Riggs?  I guess

23   maybe she'll have to choose, but, you know, I don't

24   mind doing my work.

25                    So it's your call, but just -- it's just

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  my opinion out there, and I don't know if others

2  will go along with it or not.  I certainly don't

3  speak for the entire court.

4              MR. GRIESMEYER:  I understand, Your Honor.

5              MS. HIGGINS:  This is Rachel Higgins.

6              THE COURT:  Let me let Mr. Griesmeyer

7  finish.

8              MS. HIGGINS:  Oh, I'm sorry.  It's a

9  disadvantage not to be able to see.

10             THE COURT:  Let me let the Defendants

11  finish.  Anything else?

12             MR. GRIESMEYER:  I think that addresses

13  most of the arguments that I felt were raised during

14  this oral argument, at least.

15             THE COURT:  Let me ask both of you.  I

16  don't know who's kind of covering this.  You do

17  agree, though, that now you've accepted service for

18  Wootton, and he's properly served and in this case.

19  I see affirmative yeses?

20             MR. GRIESMEYER:  Yes, Your Honor.

21             THE COURT:  The third time was a charm.

22             MR. GRIESMEYER:  He did file an answer

23  after the third attempt, correct, Your Honor.

24             THE COURT:  He's in, and as far as you're

25  concerned, this case is properly here, and you're

SANTA FE OFFICE                                                    MAIN OFFICE
119 East Marcy, Suite 110                                          201 Third NW, Suite 1630
Santa Fe, NM 87501                                                 Albuquerque, NM 87102
(505) 989-4949                                                     (505) 843-9494
FAX (505) 820-6349                                                 FAX (505) 843-9492
                                                                   1-800-669-9492
                                                                   e-mail: info@litsupport.com



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

```
 1    ready to move forward, and you assume and I assume,
 2    as well, the Plaintiffs can clear up the county
 3    issue with filing an amended complaint that names
 4    the Board of County Commissioners rather than the
 5    county, and we're off and running, right?
 6             MR. GRIESMEYER:  Absolutely, Your Honor.
 7             THE COURT:  Anything else the Defendants
 8    want to say, A, on the motion to remand or, B, their
 9    motion to dismiss?
10             Mr.  Apodaca?
11             Mr. Griesmeyer?
12             MR. GRIESMEYER:  No, Your Honor.
13             MR. APODACA:  No, Your Honor.
14             THE COURT:  Ms. Higgins, if you want to
15    say any more on your motion to remand or anything in
16    response to the motion to dismiss.
17             MS. HIGGINS:  Thank you, Your Honor, we
18    did file a notice of additional authority.
19             THE COURT:  I have it in front of me.
20    It's -- I think you filed two -- no, the Defendants
21    filed one, and you filed one.  Yours is document 30,
22    so I have it in front of me, Ms. Higgins.
23             MS. HIGGINS:  Your Honor, I just wanted to
24    incorporate that into the record, and though, of
25    course, it's been filed, and bring the court's
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    attention to that opinion as yet another opinion

2    which, following Judge Johnson's lead, or at least

3    consistent with Judge Johnson in this opinion, which

4    cites to the Chevron Pipeline Company opinion out of

5    the District of Utah in 2019.

6              These cases consider whether reasonable

7    attempts to serve have any relevance to application

8    of the forum defendant rule.  And the case that I

9    brought to the court's attention indicates that a

10   mechanical application of the plain language to

11   countenance and outcome that is directly at odds

12   with the purpose of the forum defendant rule will

13   not be applied.

14             So the case that I wanted the court to

15   look at that I filed today is essential.  It bears a

16   lot in common with our case in that there were

17   attempts to serve.  The court considered these

18   attempts to serve and determined that the forum

19   defendant rule should not be applied when reasonable

20   attempts to serve have been made.  So I just wanted

21   to bring that to the court's attention.  I think

22   that defendants have -- it's interesting that

23   they've declined to exercise the remedy that they

24   requested in their motion to dismiss.

25             And I'm quite certain this is the first

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1    time I have ever argued on -- in favor of a
 2    defendant's motion to dismiss and on behalf of the
 3    plaintiffs, but over counsel's objections,
 4    Plaintiffs would like to move forward with the
 5    dismissal without prejudice.  I think it's very
 6    clear that the Plaintiffs have the right and the
 7    ability to choose their own forum, particularly in a
 8    case like this where we've brought only state law
 9    claims under the State Claims Tort Act.
10            With all due respect to this court, whom I
11    have tried many a state and federal law in front of,
12    we filed this case in state law for a reason.  That
13    is where we would like the case.  If the court will
14    allow, we would like to file a motion to dismiss
15    without prejudice.  That is where we think the case
16    is properly situated.
17            I guess we will have to wait and see
18    whether Defendants monitor the pleadings and effect
19    another snap removal.  If they do, perhaps the
20    service issue will be cleaner the next time around.
21    That is what Plaintiffs would like to see happen
22    today.  I can't think of any basis for the court to
23    deny Plaintiffs' request to file such a motion.
24            THE COURT:  Well, I'll give you the last
25    word on your motion to dismiss.  I guess they're
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1   agreeing to your motion to dismiss, but that just
 2   dismisses the -- the claims against the -- well,
 3   does it -- would it dismiss both of them as written?
 4   It now -- it would -- is it just dismiss it as to
 5   the county?
 6            MS. HIGGINS:  Your Honor, I think there's
 7   agreement that Defendant Wootton has been properly
 8   served within the rules of federal civil procedure.
 9   There's -- I think I can probably also say there's
10   agreement we did not caption the case Bernalillo
11   County Board of Commissioners or Board of
12   Commissioners of Bernalillo County.  I think
13   Defendants' position is the case is only situated in
14   federal court as to Defendant Wootton for that
15   reason.  The motion to dismiss would only be as to
16   Defendant Wootton since he's the only party properly
17   before the court.
18            I suppose we could move to dismiss on
19   behalf of both, but we'd create more material for
20   argument, and I don't think that's necessary in this
21   case.
22            THE COURT:  Let me ask the Defendants this
23   question.  Your motion to dismiss, it -- it still
24   was maintaining the position that -- that Wootton
25   had not been properly served, right, so that was
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    part of your motion to dismiss, was against both --

2    it was on behalf of both Defendants, right?

3             MR. APODACA:  Your Honor, if you look at

4    the reply, we actually say that it will be up to the

5    court to determine whether the third effort at

6    service with respect to Wootton is effective.

7             THE COURT:  You're conceding that now?

8             MR. APODACA:  Right.  So we've obviously

9    conceded, because we filed the answer.  Your Honor,

10   I take the position that I would oppose any motion

11   to dismiss by the Plaintiffs, because it's just

12   another effort to sort of -- in our view, it's

13   difficult, because yes, they have a right,

14   certainly, to seek to split claims and split causes

15   of action on the same sorts of operative facts as

16   exist in Lowther one.  That's what they did.  So

17   we've availed ourselves to a procedural opportunity

18   to put it back in federal court.  We think it's

19   appropriately here.  We answered it.  We believe it

20   should remain in federal court.

21             There was commentary on the notice of

22   supplemental authority and need to take stock of

23   reasonable attempts at service, you know, for the

24   reasons outlined in our motions to dismiss and

25   remand.  We don't think the efforts were reasonable

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    at all under 1-004, which is the applicable rule

2    here, so to the extent that the effort at service

3    through the improper service packet is looked at, we

4    don't think it was reasonable.

5         This issue that speaks directly to my

6    decisions in this case as counsel for the county,

7    and my emails of November 27th, Your Honor, I would

8    only say if that email string is looked at, I had no

9    idea that -- I had no idea whether there was going

10   to be discovery as to Wootton or as to the county or

11   as to both.  I even raised the question if there's

12   discovery as to Wootton, there's going to be a lot

13   that needs to be done.  That's why we need more

14   time.

15        It would certainly never occur to me

16   service would be complete on the basis of something

17   that was given to me back before I represented these

18   Defendants in this case, and as it turned out, when

19   I did get that improper service package, there sure

20   was discovery to Wootton.  It was my expectation

21   there would be something given to me that would

22   include the normal items of service required under

23   1-004 which would be the summons and complaint for

24   service upon an individual, and secondly, anything

25   else in addition to that, which would be something

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    that could be included, i.e. discovery, and which

2    actually was in the improper service packet.  It was

3    fully my expectation that something would be sent to

4    me that would have whatever it was that the

5    Plaintiff intended to serve upon us.  That never

6    happened.

7              So, you know, frankly, it could have been

8    the fact that in the exact same timeframe I was

9    having the same issue with another plaintiff's

10   attorney, and, you know, I've included that as an

11   exhibit in my reply, and it was my same expectation

12   here.

13             I can understand that Plaintiff thinks it

14   remarkable.  From my perspective, it was pretty

15   unremarkable.

16             THE COURT:  I guess I was surprised by it,

17   because I thought, typically when I was doing

18   defense work, and I said, well, I'll accept service,

19   usually I would also say when -- so that there was

20   no misunderstanding, I would say, "And let's agree

21   on a response date when I file an answer," and I was

22   always very clear, or otherwise respond, so I could

23   file motions to dismiss if I wanted to so that there

24   was real clarity.

25             I never -- I don't think I had an

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  expectation I was going to have a process server

2  show up at my law firm and formally serve me.  I was

3  working out a response date.  That's what surprised

4  me a little bit about the exchange.

5           MR. APODACA:  Your Honor, and in my view I

6  wasn't -- I did not have that expectation.  My

7  expectation was I would be provided whatever was

8  intended to be served upon me.  If we look at the

9  reply brief on the motion to dismiss and Exhibit H,

10 you know what I cite is an email -- it was service

11 by email.  It wasn't a process server.  This is in a

12 separate case.  It says, "Mr. Apodaca, attached is a

13 complaint.  Thank you for agreeing to as much as.

14 The issued summonses are attached."  There it was.

15          As of that date, I felt I was served in

16 that other case.  In the current case before the

17 court, that would have sufficed, particularly with

18 respect to discovery, I don't see how I possibly

19 would have been served discovery that they did put

20 in the proper service packet that was mailed to me.

21 That's an issue never addressed by the Plaintiff in

22 this case when they're saying when you put together

23 the other emails before and after removal, one was

24 the complaint in October, one has the summons on

25 December 23rd.  Well, that equals service.

SANTA FE OFFICE                                                          MAIN OFFICE
119 East Marcy, Suite 110                                        201 Third NW, Suite 1630
Santa Fe, NM 87501                                              Albuquerque, NM 87102
(505) 989-4949                                                              (505) 843-9494
FAX (505) 820-6349                                              FAX (505) 843-9492
                                                                            1-800-669-9492
                                                                  e-mail: info@litsupport.com



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

1          Well, where's the discovery?  Did you

2    decide that sometime between when you mailed the

3    improper service packet to the county and then

4    wanted that November 27th exchange to equal service

5    that you were going to not serve discovery on

6    Mr. Wootton?

7          So, you know, I was never expecting a

8    process server to come to my office.  I expected to

9    be mailed whatever was served on me.

10         THE COURT:  Go ahead and address

11   Ms. Higgins' point.  They're the Plaintiffs.  They

12   probably have some mastery over their case.  If they

13   file a motion to dismiss the case without prejudice,

14   really what ability do I have to not grant that

15   motion?  What do I -- how do I say, I can't -- they

16   can't do that?

17         MR. APODACA:  Your Honor, to be honest

18   with you, we thought about that question thinking --

19   thinking of it as being one of the harder questions

20   put to us today, because I think the answer is not a

21   lot.  You know, they do have the right to not sue or

22   dismiss a case, and if they want to do that, they

23   could do that, and we'd be, as I said, in a

24   different situation on a different day, you know, if

25   things break our way or not, if things break their

SANTA FE OFFICE                                                    MAIN OFFICE
119 East Marcy, Suite 110                                          201 Third NW, Suite 1630
Santa Fe, NM 87501                                                 Albuquerque, NM 87102
(505) 989-4949                                                     (505) 843-9494
FAX (505) 820-6349                                                 FAX (505) 843-9492
                                                                   1-800-669-9492

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE
e-mail: info@litsupport.com

```
 1   way, in terms of honoring the docket and that sort
 2   of thing.
 3           THE COURT:  Do you think they're going to
 4   file another case, and you think you're going to be
 5   on top of it, and this case is going to be back here
 6   in the sames posture in front of me or another
 7   district judge?
 8           MR. APODACA:  It's possible.  From our
 9   view, there was nothing -- that might be something
10   that might be more akin to the cases we've discussed
11   in the remand briefing that are properly called snap
12   removal cases.  In this case, there was no snap
13   removal.  We waited until the eleventh hour before
14   we removed, because we always were expecting -- we
15   did the research.  We believed that this move was
16   available and it could be obviated and sort of
17   removed from available options for litigation
18   anytime -- whenever they served us.
19           The email exchange was November 27th.  We
20   didn't remove until December 23rd.  You know, when
21   we did, they didn't take the position that 11/27 it
22   was served.  No, "You mailed the improper service
23   packet."  I think the posture could be cleaner in
24   round two, if there is a round two, but that's where
25   it is.
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
1            THE COURT:  All right.  Thank you,
2    Mr. Apodaca.
3            Ms. Higgins, let me ask you, I didn't
4    quite understand why it is there is a -- it's a
5    state case, right?  You've got a case in state court
6    that's -- raises some similar claims or similar
7    parties.  Tell me about the other case.
8            MS. HIGGINS:  Sure.  Your Honor, the state
9    law case that we filed recently that's the subject
10   of the court's jurisdiction is on behalf of Jessica
11   Lowther, who is the spouse of Adam Lowther.  They
12   are both the parents of AL and WL, both of whom are
13   minor children.
14           The federal court case concerns a number
15   of federal claims and some state claims both against
16   Bernalillo County, Board of County Commissioners,
17   i.e., the Bernalillo County Sheriff's Department
18   independent Defendants, and State of New Mexico
19   Children Youth & Families Department and individual
20   Defendants concerning what we contend was an illegal
21   detention and arrest, illegal entry into the
22   Lowthers' home.  Both of those events happened on
23   August 30th, and a subsequent removal -- the
24   children were removed on that date.  There was a
25   subsequent removal on September 7th.
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    The case that you are presiding over today

2    concerns the arrest of Jessica Lowther, months

3    later, on November 7th by Jacob Wootton.  CYFD is

4    not -- there are no claims asserted against CYFD in

5    the state court case.  The state court case is

6    limited to 41-4-12 related claims concerning that

7    later arrest date.  "I, Detective Wootton, of

8    Jessica Lowther," and essentially Plaintiffs' theory

9    is at this point in time Defendant Wootton knew or

10   should have known there was absolutely no probable

11   cause to suspect Ms. Lowther of any crimes and in

12   arresting her, he committed the acts of false

13   imprisonment and arrest and malicious abuse of

14   process under state law.

15        So just to summarize, some of the parties

16   are the same as the federal court case, which

17   counsel refers to as Lowther one.  Not all of the

18   parties are the same, and the dates which relate to

19   the claims for the respective cases are different.

20        THE COURT:  Okay.  Well, okay.

21   Mr. Griesmeyer?

22        MR. GRIESMEYER:  I'll respond briefly to

23   that.  In the Lowther one case, they do bring

24   identical claims in the paragraphs 233 through 247

25   and also with regards to the children's claim at

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1    paragraphs 255 through 261.  So these are certainly
 2    claims that could have been and should have been
 3    included in the original case that also has claims
 4    under 41-1-12.
 5              THE COURT:  Well, let me throw out a
 6    proposal to you.  Why don't I do this and see if
 7    everybody -- why don't I go ahead and do my work.
 8    I'll go ahead, and I think there was a -- some
 9    half-interest on behalf of the Plaintiffs that I go
10    ahead and decide this issue.  There's a full
11    interest by the Defendants that I decide this issue,
12    so I'll go ahead and decide the issue.
13              I think I'll probably come out that, you
14    know, I dismiss the county out without prejudice to
15    removal.  I will -- without prejudice to amending
16    and bringing the county commissioners back in.  I'll
17    leave Wootton in, most likely deny the motion to
18    remand, then if the Plaintiffs want to go ahead and
19    file today or down the road go ahead and file a
20    motion to dismiss, they can.  If they want to
21    stick -- stay here, they can.  Defendants can decide
22    what they want to do.
23              I'll -- if everybody wants, I'll go ahead
24    and have an initial scheduling conference, and the
25    nice thing about federal court for Plaintiffs is you
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    get going, and you get initial disclosures, and you

2    may want to take advantage of that while you're

3    here, get some discovery.

4              What do you think about that as a -- as a

5    way of proceeding from today, Ms. Higgins?

6              MS. HIGGINS:  Well, Your Honor, I think

7    that you asked the question of defense counsel, what

8    is to stop you from granting our motion to dismiss

9    without prejudice.  The answer they gave you was,

10   not much.

11             We are holding firm that that is what we

12   would like to do.  We would like to file that

13   motion.  We hesitate to have the court do all this

14   work if that is our plan, which it is.  And my

15   concern -- you know, related concern about having

16   the court work on an order regarding the issues

17   raised and all the briefing that were we to -- were

18   the court not to entertain the motion to dismiss

19   without prejudice, we may run out of time to choose

20   our forum as we're entitled to do.

21             THE COURT:  What kind of timeframe are you

22   looking at?  You could give me a drop-dead time, and

23   I'll rearrange the work in my office to meet your

24   statute of limitation's time.  What are you working

25   under?

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1        MS. HIGGINS:  I am going to make sure I

2    don't get that date wrong, because that's the very

3    important date.

4        While I'm looking for it, Your Honor, I

5    can't leave uncorrected the statement that defense

6    counsel made.  We have not contained the claims that

7    are before this court in the state law complaint and

8    what is referred to as Lowther one.  There may be

9    facts that are identified, but certainly not counts.

10        All right.  So -- to be safe, October 1st,

11    Your Honor.  To be safe.

12        THE COURT:  Okay.

13        MS. HIGGINS:  The arrest date occurred in

14    mid-October.

15        THE COURT:  Well, here's what I would

16    propose to do.  If you get off the phone, and you

17    still want to dismiss this case, go ahead and file

18    your motion to dismiss.

19        If it's agreed to, Plaintiffs -- if the

20    Defendants agree to it, just submit me an order.  If

21    it's contested, the Defendants can file their

22    response.

23        You call Ms. Wright when you file your

24    motion, and I'll set it for a hearing, and I'll try

25    to use that hearing to get my work done on these two

SANTA FE OFFICE                                                      MAIN OFFICE
119 East Marcy, Suite 110                                    201 Third NW, Suite 1630
Santa Fe, NM 87501                                          Albuquerque, NM 87102
(505) 989-4949                                                      (505) 843-9494
FAX (505) 820-6349                                              FAX (505) 843-9492
                                                                    1-800-669-9492
                                                      e-mail: info@litsupport.com



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

1    motions by that date, and that way it'll keep you

2    from having any statute of limitations problems.

3            MS. HIGGINS:  Your Honor, I'm sorry.  I

4    gave you the wrong date.  The conduct -- the arrest

5    occurred in the first week of November, so I want to

6    pressure the court with an early October.  The

7    arrest occurred early November.  We would want to

8    get a ruling in October so we would not be deprived

9    of our choices.

10           THE COURT:  You keep -- keep my feet to

11   the fire.  Send me a letter, or call Ms. Wright.

12   I'll try to keep it -- keep your date in mind, and

13   I'll -- when I get your motion to dismiss, I'll try

14   to set a hearing on it, and then I'll try to have

15   these opinions ruled on by the time we have the

16   hearing, and if it's -- if you get back, and the

17   Defendants don't contest it, then y'all can just

18   submit me an order, and I'll -- I'll dismiss the

19   case without the opinions.

20           All right.  Shall we go ahead and do the

21   initial scheduling conference so that we -- we get

22   the case going in case it stays here, Ms. Higgins?

23           MS. HIGGINS:  That's fine, Your Honor,

24   however the court would like to proceed.

25           THE COURT:  Does that work for the

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1   Defendants?

 2            MR. APODACA:  Yes, Your Honor.

 3            THE COURT:  The parties didn't give dates

 4   on their JSR.  I drafted this for a request for a

 5   180-day track, giving you six months to get

 6   deadlines and around a trial I have in April of

 7   2021, a big criminal case, and I have two smaller

 8   cases, both civil cases, set around the same time,

 9   and there's even a fourth case out there that --

10   that affects the timing on this one.

11            Does that work for you if I use that as a

12   basis here, 180-day discovery timeframe?

13   Ms. Higgins?

14            MS. HIGGINS:  It does, Your Honor.

15            THE COURT:  Does that work for the

16   Defendants?

17            MR. APODACA:  Yes, sir.

18            THE COURT:  So discovery will end by

19   October 19th, 2020.  All discovery motions will be

20   due no later than November 9th, 2020.  The Plaintiff

21   will identify -- the Plaintiffs will identify their

22   expert or experts by July 20th, 2020.  When I say

23   identify your expert, that means produce -- identify

24   your expert or experts, produce your expert reports

25   and have your experts ready to be deposed.  They
```





SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    don't have to be deposed that day, but have them

2    ready to go, because the Defendants are going to

3    have to do the same by August 19th, 2020.

4              All pretrial motions will be due no later

5    than December 10th, 2020.

6              Let me drop down and give you dates for

7    interaction with the court, and I'll come back to

8    the pretrial order.  I'll set a hearing on all

9    pending motions for January 11th, 2021, at 8:30 a.m.

10   I propose to have a pretrial conference on

11   March 30th, 2021, at 8:30 a.m., and then I'll set

12   you for jury selection and jury trial on

13   August 12th, 2021, at 9:00 a.m.

14             The pretrial order will come from the

15   Plaintiff to the Defendants by the end of business

16   on March 19th, 2021, and the pretrial order will

17   come from the Defendants to the court by the end of

18   business on March 29th, 2021, and I'll look at it

19   overnight and be ready for our pretrial conference

20   the next day.

21             And y'all did -- now that I look at it,

22   the pretrial conference was in accordance with court

23   deadlines based on 180-day discovery track.  So

24   that's where we got the 180-day track, so we must be

25   tracking together on this.

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1          I am going to put you on a trailing

2    docket, but don't panic.  I'll tell you how I run my

3    trailing dockets in a moment.  You're on a trailing

4    docket for April 12th, 2021.  You've asked for five

5    days, and so chances are that if you're ready to go,

6    I'll be ready to go too, depending on these other

7    cases I have that month.

8          If I were to give you a firm setting, it

9    wouldn't mean anything, and I hate to give you a

10   bunch of deadlines and expect you to comply with

11   them, and the one deadline I give myself I can't

12   comply with because of the crush in criminal cases.

13   In this district, I'm not able to give firm settings

14   this far out, but as a concession to the civil

15   lawyers, because I know how hard it is to work with

16   a trailing docket, as you get closer to that

17   April 12 date, and you need to get witnesses here

18   and subpoenas out, call Ms. Wright, and we'll work

19   with you to give a firm setting.

20         I can almost always try your case within

21   the month I give you a trailing docket, and chances

22   are I'll be able to give you April 12, but we'll

23   give you a firm setting.

24         Occasionally I'll get months like I did in

25   2018, where I had seven-week trials, and if you're

SANTA FE OFFICE                                                    MAIN OFFICE
119 East Marcy, Suite 110                                    201 Third NW, Suite 1630
Santa Fe, NM 87501                                             Albuquerque, NM 87102
(505) 989-4949                                                         (505) 843-9494
FAX (505) 820-6349                                              FAX (505) 843-9492
                                                                        1-800-669-9492
                                                          e-mail: info@litsupport.com



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

1   every day in trial, you just can't do all of them at

2   the same time.  But chances are, if you're ready to

3   go, I'll be ready to go as well.

4          Do keep April 12 on your calendar, because

5   you may be asked to pick a jury with the criminal

6   folks that day.  If you would prefer to pick your

7   jury the first day of trial, that's fine.  We can

8   accommodate.  And if you would prefer to pick it and

9   wait a little bit, that's fine as well.  Some

10  lawyers like to do that.  They get that half-day,

11  three-quarters of a day's worth of work out of the

12  way.  They get the free voir dire from the criminal

13  folks.  But it's up to y'all.  If you can't agree,

14  call Ms. Wright, and I'll get on the phone and work

15  it out with you.

16         A few other requests you've made is that

17  the Plaintiff shall be allowed until May 1st, 2020,

18  to be able to amend the proceedings and adjoin

19  additional parties in compliance with the

20  requirements of Rule 15(a).  This does not change

21  the substantive requirements of Rule 15(a), so if

22  you have an opportunity to do it as of right, you

23  need to do it by that date.  And if you have to seek

24  leave by that day, it simply sets a deadline.  It

25  doesn't change the substantive requirements.

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1        The same for the Defendants.  The

2   Defendants shall be allowed until June 1st, 2020, to

3   move to amend the pleadings and to join additional

4   parties and with compliance in Rule 15(a).  It

5   doesn't change the substantive requirements.  If you

6   have the ability to do it as of right, you need to

7   do it by that date, and if you need to seek leave of

8   the court, you need to seek leave by that date.

9   Simply sets a deadline for what is required or

10  allowed under Rule 15(a).

11       I will order that supplementation under

12  Rule 26(e) will be every 30 days.  That's what the

13  parties propose, so I will so order it.

14       We talked about the pretrial conference.

15  It is based on the deadlines of a 180-day track.

16       Settlement conference, the court requested

17  that the -- the parties request that the court set

18  the settlement conference date.  What I would

19  propose is that now that we have set deadlines for

20  this case, you tell me, as parties, when you think

21  it would be appropriate to have a settlement

22  conference, and then I will either go to Judge

23  Yarbrough and ask him to set that settlement

24  conference when you would like to have it, and if

25  you would prefer somebody besides Judge Yarbrough,

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
1    if you've gotten used to somebody else, I'd be glad

2    to run interference with you and make that happen.

3            If you need a private mediator, I can

4    assist in that area as well.  You probably know the

5    private mediators as well or better than I do at

6    this stage of our careers.

7            Ms. Higgins, when do you think would be a

8    good time for a settlement conference?

9            MS. HIGGINS:  I would like for the court

10   to consider scheduling that somewhere around the

11   expert disclosure deadlines for Plaintiff and

12   Defendant, and Judge Yarbrough is -- we would like

13   to have him.

14           THE COURT:  Okay.  So sometime after the

15   Defendants identify their experts and produce their

16   expert reports?

17           MS. HIGGINS:  Yes, Your Honor.

18           THE COURT:  What do the Defendants think?

19   Does that look about the right time to do it as

20   well?

21           MS. HIGGINS:  I think that's reasonable,

22   Your Honor.

23           THE COURT:  Okay.  So unless y'all tell me

24   otherwise, I'll have Ms. Wright communicate that to

25   Judge Yarbrough and tell him that's when the parties
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   think that's the most opportune time for the

2   settlement conference to be, and if you decide you

3   want something else as far as a mediator or

4   magistrate, let me know, and I'll run interference,

5   but if not, I'll communicate that to Judge

6   Yarbrough.

7           How I do things on discovery, I find most

8   civil lawyers just need an answer.  If you'd like to

9   take advantage of that, call Ms. Wright.  And I'll

10  work it out.  Most of the time I can give you pretty

11  quick answers.  Sometimes I have to look at

12  something like an RFP or Interrogatory to make a

13  decision.  It might take two or three days.  Usually

14  I can give you answers right there on the phone or

15  pretty quickly.

16          If you would prefer to brief the

17  discovery, we will treat it like any other motions.

18  If you prefer that Judge Yarbrough do the discovery,

19  that's fine with me as well.  I'm my own default, so

20  if I don't hear from you, I'll do my own discovery

21  unless I hear something.

22          On motions in federal court, you have an

23  obligation to meet and confer before you file

24  motions in the federal court.  That's required by

25  the local rules as well as the federal Rules of

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1    Civil Procedure.  What I'm about to tell you is not
 2    required, but I make myself available.  If I step in
 3    in the earlier stage, in the meet and confer, issues
 4    sort of fall to the wayside, really focus on what
 5    needs to be decided and what the judge needs to
 6    decide in the case.  If you'd like to take advantage
 7    of that, call Ms. Wright, and I'll get on the phone
 8    with you or meet you here in the courtroom or in
 9    chambers, whatever works for you, and try to narrow
10    the issues down.  I don't require that.
11            Federal court requires enough stuff, but
12    many districts are beginning to require these
13    prefiling conferences, and they're resolving 98 and
14    99 percent of all issues.  If you'd like to take
15    advantage of it, don't hesitate to call Ms. Wright
16    and involve me in the process.  Ms. Wright is good
17    at looking at the docket and seeing what's been
18    filed.  It does help her.
19            These are deadlines.  You can obviously
20    file motions in advance, to call, and we've talked
21    about one, call her and say this motion is about to
22    be filed, will you set it for a hearing, and I'll
23    try to read everything and be ready for the hearing
24    so that I can give you a ruling from the bench or at
25    least an inclination so that I can keep the case
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1    moving for you and keep it moving on my docket as
 2    well.
 3            I don't know your case well enough to know
 4    whether you're going to have Daubert issues.  If you
 5    get in the case and think there's going to be
 6    Daubert issues, if you agree in a motion, I can
 7    almost always go along.  If you get into the case
 8    and have Daubert issues, and you can't agree on a
 9    deadline, call Ms. Wright, and I'll get together
10    with you, because I do like to get Daubert issues
11    resolved before trial so that a little five-day
12    trial like this, we stay on track and don't have the
13    jury waiting while I'm trying to decide evidentiary
14    issues.
15            It looks to me like most everything
16    occurred here, so we'll plan on the trial being here
17    in this courtroom, and I will call a northern New
18    Mexico jury.  That's everything basically above
19    Socorro, it's the biggest and most diverse of our
20    jury divisions, there being only two, so I won't be
21    calling a statewide venire unless y'all tell me
22    that's appropriate.  We'll plan on the courtroom
23    being here, and the jury being a northern New Mexico
24    venire.
25            Ms. Wright, can you think of anything else
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349





MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

1    we need to discuss?

2            I think that's all I need to discuss with

3    you.  Is there anything else you would like to

4    discuss or I can help you with while we're together?

5            Ms. Higgins?

6            MS. HIGGINS:  I don't think so, Your

7    Honor.  Thank you.

8            THE COURT:  Mr. Apodaca?

9            Mr. Griesmeyer?

10           MR. APODACA:  No, Your Honor, got to

11   digest everything that happened.  Right now we're

12   good.

13           THE COURT:  All right.  Well, I will try

14   to get you these opinions.  It will probably be one

15   opinion with these two motions in it.  Be a little

16   bit patient with me, because I do have a lot of

17   people that I'm kind of making some similar promises

18   to get some stuff out, and it's going to be a busy

19   spring and a busy summer, but if I'm causing any

20   problems, don't hesitate to call Ms. Wright and say,

21   "Look, he made this promise to us, and we need the

22   opinion," and I'll try to reorder my work, so I'll

23   try to get this done.

24           You know, these obviously are -- this is a

25   civil case, so if you y'all get into it and agree to

SANTA FE OFFICE                                                    MAIN OFFICE
119 East Marcy, Suite 110                                    201 Third NW, Suite 1630
Santa Fe, NM 87501                                            Albuquerque, NM 87102
(505) 989-4949                                                         (505) 843-9494
FAX (505) 820-6349                                                FAX (505) 843-9492
                                                                       1-800-669-9492
                                                              e-mail: info@litsupport.com



BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

1   something else and move stuff around, I can almost

2   always go along.  If you can't agree on something,

3   don't feel like you have to brief it up.  Call

4   Ms. Wright, and I'll get on the phone with you and

5   try to work it out to litigate this case as

6   inexpensively and expeditiously as possible.

7           Appreciate your presentations this

8   afternoon.  Y'all have a good afternoon.

9           MS. HIGGINS:  Thank you, Your Honor.

10          MR. APODACA:  Thank you, Your Honor.  You

11   as well.

12          (The Court stood in recess at 2:53 p.m.)

13

14

15

16

17

18

19

20

21

22

23

24

25

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    UNITED STATES OF AMERICA

2    STATE OF NEW MEXICO

3

4                    C-E-R-T-I-F-I-C-A-T-E

5        I, Robin A. Brazil, CCR, RPR, Official Court

6    Reporter for the State of New Mexico, do hereby

7    certify that the foregoing pages constitute a true

8    transcript of proceedings had before the said Court,

9    held in the District of New Mexico, in the matter

10   therein stated.

11       In testimony whereof, I have hereunto set my

12   hand on this 5th day of May, 2020.

13

14

15

16   _____

17   Robin Brazil, RPR
     NM Certified Court Reporter #154
18   333 Lomas, Northwest
     Albuquerque, New Mexico 87102
19   Phone:  (505) 843-7789
     Fax: (505) 843-9492
20   License expires:  12/31/20

21

22

23

24

25

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349

 

DEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com