**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JESSICA LOWTHER and
KELLY STOUT SANCHEZ,
Rule 1-017 guardian ad litem
for A.L. and W.L.,

    Plaintiffs,

v.
                                                                                                                   No. 1:19-cv-01205-MIS-JFR

JACOB WOOTTON and
BOARD OF COUNTY
COMMISSIONERS FOR
BERNALILLO COUNTY,

    Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
BASED ON RES JUDICATA**

**THIS MATTER** is before the Court on Defendants Jacob Wootton and Board of County Commissioners for Bernalillo County's Motion to Dismiss Based on Res Judicata, ECF No. 55, filed June 23, 2023. Plaintiffs Jessica Lowther and Kelly Stout Sanchez, Rule 1-017 Guardian ad Litem for A.L. and W.L., filed a Response on July 13, 2023, ECF No. 59, to which Defendants filed a Reply on July 27, 2023, ECF No. 60. Upon due consideration of the Parties' submissions, the record, and the relevant law the Court will **GRANT** the Motion.

    **I.**    **Background**

On September 14, 2018, Plaintiff Jessica Lowther and Adam Lowther ("Dr. Lowther"), on behalf of themselves and as next friends to their minor children, W.L. and A.L., filed a complaint in this District against, inter alia, the Bernalillo County Sheriff's Office ("BCSO") and Defendant Jacob Wootton, a BCSO Detective ("Detective Wootton"). Lowther v. Children Youth & Fams. Dep't, Case No. 1:18-cv-00868-MIS-JFR, ECF No. 1 (D.N.M. Sept. 14, 2018) ("Lowther I"). The

complaint in Lowther I alleged thirteen claims under the U.S. Constitution and New Mexico state law arising out of the investigation of alleged sexual abuse of A.L. by Dr. Lowther.  Id. ¶¶ 18, 39-261.  Briefly, the Lowther I complaint alleges that on August 30, 2017, a kindergarten teacher at A.L.'s school contacted the Children Youth and Families Department ("CYFD") to report that A.L. had revealed sexual abuse by Dr. Lowther and A.L.'s brother, W.L.  Id. ¶ 18.  CYFD referred the case to BCSO who detained Mrs. Lowther, arrested Dr. Lowther, and took the children into temporary protective custody.  Id. ¶¶ 19-21, 72-81, 91-101.

On September 1, 2017, CYFD returned custody of A.L. and W.L. to Mrs. Lowther.  Id. ¶ 204.  However, on September 7, 2017, CYFD again took temporary protective custody of A.L. and W.L.  Id. ¶¶ 209-10.

On November 7, 2017, a Children's Court Judge ("Judge Parnall") returned custody of the children to Mrs. Lowther.  Id. ¶¶ 232, 234.

> Before the hearing Defendant Wootton met in chambers with Judge Parnall.  The Lowthers' legal counsel was present for part of the meeting. Defendant Wootton was visibly upset at Judge Parnall for returning custody of the children to Mrs. Lowther. He stated in a loud voice that restoring Mrs. Lowther's custody rights would "ruin his criminal case."  Defendant Wootton's comments could be heard outside chambers.

Id. ¶ 235.  "Immediately after the hearing Defendant Wootton arrested Mrs. Lowther, at the courthouse, for bribery or intimidation of a witness."  Id. ¶ 236.  "In a criminal complaint filed later that afternoon, Defendant Wootton alleged that on October 19, 2017, he was 'contacted by Betty DuBoise, A.L.'s teacher, who informed him [A.L.] disclosed that [Mrs. Lowther] had told her not to say anything to anyone regarding the sexual abuse perpetrated by [Dr. Lowther].'"  Id. ¶ 237.

The Lowther I complaint alleges that "Defendant Wootton did not obtain sufficiently reliable corroborating evidence to substantiate the allegation. In a forensic interview A.L. denied telling DuBoise that her mother told her not to talk to anyone about the alleged abuse." Id. ¶ 240. It alleges that "[t]he arrest was conducted in bad faith and with malicious intent to interfere with Mrs. Lowther's custody rights." Id. ¶ 243. "Mrs. Lowther was arrested, booked into jail, placed in a jumpsuit, strip and body cavity searched, forced to take an unsanitary pregnancy test, and then released on personal recognizance." Id. ¶ 244. At Mrs. Lowther's initial appearance before the Bernalillo County Metropolitan Court, the district attorney's office informed the judge that Mrs. Lowther would not be prosecuted, id. ¶ 246; no charges were ever brought against her, id. ¶ 247.

CYFD later dismissed the abuse and neglect petition against Dr. Lowther. Id. ¶ 252. In March 2018, prosecutors abandoned the criminal case against Dr. Lowther. Id. ¶ 253.

Based on this series of events (which has only been summarized here), on September 14, 2018, the Lowthers filed the original complaint in Lowther I asserting thirteen causes of action, including claims under the First, Fourth, and Fourteenth Amendment to the United States Constitution, id. ¶¶ 262-314, the New Mexico Tort Claims Act ("NMTCA"), id. ¶¶ 315-330, and a claim for defamation, id. ¶¶ 331-38. Although the original complaint in Lowther I alleged a Fourth Amendment violation against Detective Wootton (and others) for unlawfully detaining Mrs. Lowther on August 30, 2017, it did not allege a claim for unlawful arrest based on the events of November 7, 2017.

On August 20, 2019, the Defendants in Lowther I moved for summary judgment on all claims except the defamation claim. Lowther I, ECF Nos. 58, 59.

On October 16, 2019—before the Lowthers filed a response to the motions for summary judgment in Lowther I—Mrs. Lowther and her children (through a guardian ad litem) filed the

3

instant action against Detective Wootton and "County of Bernalillo" in the Second Judicial District Court for the State of New Mexico, County of Bernalillo, Case No. D-202-CV-2019-07961, ECF No. 1-1. ("Lowther II"). The original complaint in Lowther II is based on the same set of circumstances, and asserts many of the same allegations, as the complaint in Lowther I concerning Betty DuBoise's report of sexual abuse of A.L. by Dr. Lowther, ECF No. 1-1 ¶¶ 10-14, the subsequent investigations by CYFD and BCSO, id. ¶¶ 15-36, the removal of the children from the Lowthers's custody, id. ¶ 31, the institution of criminal proceedings against Dr. Lowther, id. ¶ 41, the return of A.L. and W.L. to Mrs. Lowther's custody on November 7, 2017, id. ¶¶ 57, 59, Mrs. Lowther's arrest by Detective Wootton on the same date, id. ¶¶ 60-61, 67, the dismissal of the criminal case against Mrs. Lowther, id. ¶ 68, CYFD's dismissal of the abuse and neglect petition, id. ¶ 69, and the district attorney's decision not to prosecute Dr. Lowther, id. ¶ 70. The original complaint in Lowther II alleged claims for false imprisonment and arrest under the NMTCA, ECF No. 1-1 ¶¶ 71-77, malicious abuse of process under the NMTCA, id. ¶¶ 78-81, negligent training, supervision, and retention, id. ¶¶ 82-85, and loss of consortium, id. ¶¶ 1(86) – 4(89).[1]

On December 23, 2019, Defendants removed Lowther II to this Court on the basis of diversity jurisdiction.[2]  ECF No. 1.

On April 22, 2020, the Lowthers filed their First Amended Complaint in Lowther I, but did not add their claims from Lowther II. See Lowther I, ECF No. 166. For purposes of the instant

---

[1] Count III of the Complaint spans paragraphs 82-85, and then Count IV restarts the numbering at paragraph 1. Thus, although the paragraphs contained within Count IV are numbered 1 through 4, they are actually the 86th through 89th paragraphs of the Complaint.

[2] The Notice of Removal states that Plaintiffs are citizens of Missouri. ECF No. 1 at 2.

Motion, the First Amended Complaint in <u>Lowther I</u> did not materially differ from the original Complaint.[3]

On June 1, 2020, Plaintiffs filed their First Amended Complaint in <u>Lowther II</u>, asserting four causes of action "which arise out of intentional and illegal conduct committed on November 7th, 2017." ECF No. 35 at 1.

- <u>Count I</u> alleges a claim for false imprisonment under the NMTCA, <u>id.</u> ¶¶ 71-77;
- <u>Count II</u> alleges a claim for malicious abuse of process under the NMTCA, <u>id.</u> ¶¶ 78-81;
- <u>Count III</u> alleges negligent training, supervision and retention, <u>id.</u> ¶¶ 82-85; and
- <u>Count IV</u> alleges loss of consortium, <u>id.</u> ¶¶ 1(86) – 4(89).[4]

Count IV alleges that A.L. and W.L. "were prevented from receiving guidance and support from Plaintiff Jessica Lowther during such time that Plaintiff Jessica Lowther was under arrest, incarcerated, and under the threat of malicious criminal prosecution for the false arrest alleged herein[,]" <u>id.</u> ¶ 2(87),[5] and "and sustained loss of consortium damages during the prolonged period of separation, and after they were reunited with their mother during the timeframe for which she was under the threat of malicious criminal prosecution for the false arrest alleged herein[,]" <u>id.</u> ¶ 3(88).[6]

---

[3] Specifically, the First Amended Complaint in <u>Lowther I</u>: (1) added CYFD social worker Andrea Miles as a defendant in Counts VI and XII, <u>see</u> ECF No. 113 ¶ 1; (2) added CYFD as a defendant in Counts IV, V, and VI, <u>id.</u> ¶ 2; and (3) clarified that in Counts V and VI A.L. and W.L. alleged their own Fourth Amendment violations for their seizures on August 30 and September 7, 2017, <u>id.</u> ¶ 3.

[4] Count III of the First Amended Complaint spans paragraphs 82-85, and then Count IV restarts the numbering at paragraph 1. Thus, although the paragraphs contained within Count IV are numbered 1 through 4, they are actually the 86th through 89th paragraphs of the Complaint.

[5] <u>See</u> Note 4, <u>supra</u>.

[6] <u>See</u> Note 4, <u>supra</u>.

On June 10, 2020, Plaintiffs in Lowther II filed an Unopposed Motion to Consolidate Lowther I and Lowther II, asserting, inter alia, that "[b]oth cases have a common nucleus of facts . . . ." ECF No. 36 ¶ 3.  It asserts that "[t]he facts giving rise to the allegations brought in each of the named lawsuits share the ongoing events which began on August 30, 2017, and continued past November 6, 2018." Id. ¶ 8. On June 12, and 22, 2020, the Court granted the Unopposed Motion to Consolidate and consolidated Lowther I and Lowther II.  ECF Nos. 39, 42.

On August 19, 2021, the plaintiffs in Lowther I filed a Motion to Consolidate, seeking to consolidate Lowther I and Lowther II for discovery purposes.  Lowther I, ECF No. 265.  The Motion makes the same representations as the Unopposed Motion to Consolidate filed in Lowther II.  Id. ¶¶ 5-6.  On September 30, 2021, the Court granted the Motion to Consolidate, consolidated the cases "**for discovery purposes only**[,]" and reserved ruling "on the issue of whether to consolidate the trials . . . ."  Lowther I, ECF No. 276 at 2.  Thus, the Court's September 30, 2021 Consolidation Order effectively amended the June 12 and 22, 2020 Consolidation Orders.

After the Court resolved Counts I through XII on the merits in Lowther I, Defendants filed a Motion to Decline Supplemental Jurisdiction, Dismiss Count XIII (defamation) and Enter Final Judgment.  ECF No. 315.  Plaintiffs failed to timely respond to the Motion, and failed to timely respond to an Order to Show Cause why the Motion should not be granted.  See Lowther I, ECF No. 317.  Ultimately, Plaintiffs filed a Response stating that they did "not oppose [the Motion] provided that the dismissal [of Count XIII] is without prejudice." Id., ECF No. 318 at 1.  Thus, on April 17, 2023, the Court issued an Order granting the Defendants' Motion, declining to exercise supplemental jurisdiction over Count XIII, and dismissing Count XIII without prejudice.  Id., ECF No. 323; see also ECF No. 166, 174, 194, 206, 214, 257, 308, 312.

Also on April 17, 2023, the Court amended its previous consolidation Orders and (1) ordered all future filings to be filed under their respective case numbers only, (2) denied as moot Plaintiffs' request to consolidate the cases for trial.  Lowther I, ECF No. 324; Lowther II, ECF No. 53.

Also on April 17, 2023, the Court entered Final Judgment in Lowther I.  Lowther I, ECF No. 325.  Plaintiffs appealed the Court's Judgment.  See ECF No. 319.  The appeal is currently pending.  See ECF No. 319.

On June 23, 2023, Defendants in Lowther II filed the instant Motion to Dismiss Based on Res Judicata.  ECF No. 55.

## II. Legal Standard

"A motion to dismiss based on a preclusion doctrine, such as res judicata, is governed by the same standard as a Rule 12(b)(6) motion to dismiss." Braverman v. LPL Fin. Corp., No. CIV 12-395 BB/WDS, 2012 WL 13080115, at *2 (D.N.M. June 6, 2012) (citing Nichols v. Danley, 266 F. Supp. 2d 1310, 1312 (D.N.M. 2003)). "[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" Robbins v. Okla., 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570)).  On a Rule 12(b)(6) motion to dismiss based on res judicata, the Court may take judicial notice of prior judicial acts and may consider those prior judicial acts without converting the motion into one for summary judgment.  Johnson v. Spencer, 950 F.3d 680, 705-06 (10th Cir. 2020).

## III. Discussion

Defendants argue that res judicata bars Plaintiffs' claims.  ECF No. 55 at 3-10.  They argue that a final judgment retains its preclusive effect despite a pending appeal, id. at 4-5 (citing Phelps

7

v. Hamilton, 122 F.3d 1309, 1318 (10th Cir. 1997); Casias v. Sw. Med. Assocs., No. Civ. 04–0142 JB/ACT, 2005 WL 3662924, at *7 (D.N.M. Oct. 31, 2005)); the claims in Lowther I and Lowther II arise out of the same transaction or occurrence, id. at 5-6 (citing Lowell Staats Min. Co. v. Phila. Elec. Co., 878 F.2d 1271, 1274 (10th Cir. 1989); Trujillo v. Rio Arriba Cnty. ex rel. Rio Arriba Cnty. Sheriff's Dep't, 319 F.R.D. 571, 618 (D.N.M. 2016) (citing Wilkes v. Wyo. Dep't of Emp't Div. of Lab. Standards, 314 F.3d 501, 504 (10th Cir. 2002))); res judicata bars claims from being brought in a second lawsuit that could have and should have been brought in the first lawsuit, id. at 6-7 (citing King v. Union Oil Co. of Cal., 117 F.3d 443 (10th Cir. 1997)); and Plaintiffs had a full and fair opportunity to litigate the claims raised in this case in Lowther I, id. (citing Nwosun v. Gen. Mills Rest., Inc., 124 F.3d 1255, 1256-58 (10th Cir. 1997)).

      Plaintiffs argue that the claims raised in this case are different from those raised in Lowther I because they arise out of a separate transaction. ECF No. 59 at 3. Plaintiffs further argue that even if the claims raised in this case arise out of the same transaction as the claims in Lowther I, Plaintiffs did not have a full and fair opportunity "to litigate the November 2017 wrongful arrest claim." Id. at 4. Specifically, they argue that they "could not prosecute Lowther II because of the preliminary litigation concerning removal and dismissal, all of which occurred before the issuance of a scheduling order, and then the discovery stays issued in July 2021 and February 2022 because of qualified immunity." Id. at 5. Finally, Plaintiffs attempt to distinguish King v. Union Oil Co. of California. Id. at 5-6.

      In their Reply, Defendants argue that "[t]he test is not whether Plaintiffs had a full and fair opportunity to litigate the second lawsuit—indeed, the whole point of res judicata is to prevent just that. Plaintiffs' recitation of whether or not they were able to litigate Lowther II has no bearing on whether res judicata applies." ECF No. 60 at 2 (citing Gass v. United States, 4 F. App'x 565,

567 (10th Cir. 2001)). They argue that Plaintiffs could have and should have brought their current claims in Lowther I, and the Final Judgment issued in Lowther I precludes them from bringing them in this separate lawsuit. Id. They argue that "all claims or legal theories of recovery that arise from the same transaction, event, or occurrence" are barred by res judicata. Id. (citing Trujillo, 319 F.R.D. at 618). In this case,

> the underlying series of transactions in Lowther I, as Plaintiffs alleged it, take place from August 31, 2017, until the reunification and declination of charges well into 2018, and long after the Nov. 7, 2017 arrest of Mrs. Lowther. Plaintiffs even included the Nov. 7, 2017, arrest of Ms. Lowther as part of their detailed pleading of allegations and underlying transactions and occurrences in Lowther I.

Id. at 3. They argue that the "cause of action" barred by res judicata "includes the entire series of transactions from Aug. 30, 2017[,] to May 2, 2018, and 'all rights of the plaintiff to remedies against the defendant with respect to all or any part of the . . . series of connected transactions[] out of which the action arose.'" Id. (quoting Lowell Staats, 878 F.2d at 1274). They argue that "[t]he connected series of events are all related to and motivated by the investigation of child abuse that started on Aug. 30, 2017, and included the arrest of Mrs. Lowther on Nov. 7, 2017, and could not have ended until the reunification with Mr. Lowther on May 2, 2018." Id.

"Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action." Satsky v. Paramount Commc'ns, Inc., 7 F.3d 1464, 1467 (10th Cir. 1993) (quoting N. Nat. Gas v. Grounds, 931 F.2d 678, 681 (10th Cir. 1991)). "To apply the doctrine of res judicata, three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." Wilkes, 314 F.3d at 504 (quoting King, 117 F.3d at 445). "If these requirements are met, res judicata is appropriate unless the party seeking to avoid preclusion did not have a 'full and fair

9

opportunity' to litigate the claim in the prior suit." MACTEC, Inc. v. Gorelick, 427 F.3d 821, 831 (10th Cir. 2005) (citing Yapp v. Excel Corp., 186 F.3d 1222, 1226 n.4 (10th Cir. 1999)).

Here, Plaintiffs do not dispute that the first two factors are satisfied. However, for the sake of completeness, the Court will address all of the factors.

### A. Final judgment on the merits

First, a successful res judicata defense requires a final judgment on the merits in the earlier action. Johnson v. Spencer, 950 F.3d 680, 717 (10th Cir. 2020).

Plaintiffs do not dispute that on April 17, 2023, the Court issued a Final Judgment on the merits in Lowther I, ECF No. 325, and the Court finds the fact that the Final Judgment in Lowther I is currently on appeal is irrelevant to its preclusive effect. See MACTEC, 427 F.3d at 832 ("The appealability of a judgment, however, does not hinder its preclusive effect.") (citing 18A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4433, at 78-85 (2d ed. 2002)); see also Leo v. Garmin Int'l, Inc., 464 F. App'x 737, 740 (10th Cir. 2012) ("[I]t does not matter that [the plaintiff's] first appeal had not been resolved at the time [he] filed his second suit because under the federal law of claim preclusion, the district court's order was final for res judicata purposes."). Therefore, the Court finds that the final judgment element is satisfied.

### B. Identity of the Parties

Second, a successful res judicata defense requires that the parties "be identical or in privity[.]" Nwosun, 124 F.3d at 1257. See also Frandsen v. Westinghouse Corp., 46 F.3d 975, 978 (10th Cir. 1995) ("A claim is barred by res judicata when the prior action involved . . . the same parties or their privies." ).  "Privity requires, at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same." Lowell Staats, 878 F.2d at 1275.

Plaintiffs do not dispute—and the Court finds— that <u>Lowther I</u> and <u>Lowther II</u> involve the same parties or their privies for purposes of applying res judicata. The Plaintiffs in this case—Mrs. Lowther, A.L., and W.L.—were all plaintiffs in <u>Lowther I</u>. Although the Board of County Commissioners of County of Bernalillo is not named in the Amended Complaint in <u>Lowther I</u>, it was a real party in interest and should have been a named defendant. Specifically, the Amended Complaint in <u>Lowther I</u> alleged several claims under the NMTCA against the Bernalillo County Sheriff's Office. <u>Lowther I</u>, ECF No. 166 ¶¶ 315-29. The NMTCA "requires that all claims against a county, including its departments, be brought against its board of county commissioners." <u>Lamendola v. Taos Cnty. Sheriff's Office</u>, 338 F. Supp. 3d 1244, 1249 (D.N.M. 2018) (citing N.M. Stat. Ann. § 4-46-1). Thus, pursuant to Section 4-46-1, claims brought under the NMTCA against a county's sheriff's office must name the board of county commissioners of that county as the defendant. <u>Id.</u>; <u>see also</u> <u>Saiz v. Bd. of Cnty. Comm'rs of Dona Ana</u>, Civ. No. 22-814 GBW/KRS, 2023 WL 3055610, at *5 (D.N.M. Apr. 24, 2023) (finding that Section 4-46-1 "require[s] plaintiffs to bring claims against county sheriff's departments by naming the appropriate board of county commissioners"); <u>Sanchez v. Torrance Cnty. Sheriff's Dep't</u>, No. 1:22-cv-00394-WJ, 2022 WL 16528411, at *4 (D.N.M. Oct. 28, 2022) (observing that the "Torrance County Sheriff's Department and Torrance County Government cannot be sued and that all suits against Torrance County must be brought against the County's board of county commissioners"); <u>Angel v. Torrance Cnty. Sheriff's Dep't</u>, No. CIV 04-195 BB/WPL, 2005 WL 8163621, at *4 (D.N.M. Aug. 23, 2005) ("[U]nder New Mexico law, a sheriff's department is not a local governmental 'entity' distinct from the county itself[,]" and "it is the law of New Mexico that 'all suits or proceedings . . . against a county' must be brought against the board of county commissioners, rather than the

county itself.") (citing N.M. Stat. Ann. § 4-46-1). Consequently, the Court finds that the identity of the parties element is satisfied.

### C. Identity of the cause of action

Third, a successful res judicata defense requires "identity of the cause of action in both suits." King, 117 F.3d at 445 (citing Satsky, 7 F.3d at 1467; Lowell Staats, 878 F.2d at 1274). "The causes of action need not be 'identical' in the sense that they raise the same claims based on the same facts. All that is required is that they arise 'out of the same 'transaction, or series of connected transactions' as [the] previous suit.'" Hatch v. Boulder Town Council, 471 F.3d 1142, 1151 (10th Cir. 2006) (quoting Yapp, 186 F.3d at 1227). In this regard, the Tenth Circuit in Petromanagement Corp. v. Acme-Thomas Joint Venture, 835 F.2d 1329, 1335 (10th Cir. 1988), adopted the "transactional approach" of the Restatement (Second) of Judgments, which provides:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
>
> (2) What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Restatement (Second) of Judgments § 24 (1982). "[U]nderlying the standard is the need to strike a delicate balance between, on the one hand, the interests of the defendant and of the courts in bringing litigation to a close and, on the other, the interest of the plaintiff in the vindication of a just claim." Id. § 24 cmt. b.

Here, the Court easily finds that the claims Plaintiffs assert here in Lowther II—"which arise out of intentional and illegal conduct committed on November 7th, 2017[,]" ECF No. 35 at

1—are part of the same transaction, or series of connected transactions, as Lowther I—which cover events spanning from August 30, 2017, to March 2018.

The series of events giving rise to Lowther I began on August 30, 2017, when kindergarten teacher Betty DuBoise called CYFD to report an allegation of sexual abuse by Dr. Lowther on his daughter, A.L.  Lowther I, ECF No. 166 ¶ 44.  CYFD referred the case to BCSO who detained Mrs. Lowther, arrested Dr. Lowther, and took the children into temporary protective custody.  Id. ¶¶ 19-21, 72-79, 89-99.  On September 1, 2017, CYFD returned custody of A.L. and W.L. to Mrs. Lowther.  Id. ¶ 202.  However, on September 7, 2017, CYFD again took temporary protective custody of A.L. and W.L.  Id. ¶¶ 207-08.

Critically, the Amended Complaint in Lowther I alleges that during a November 7, 2017, proceeding in Children's Court, Judge Parnall returned custody of the children to Mrs. Lowther. Id. ¶ 231.

> Before the hearing Defendant Wootton met in chambers with Judge Parnall.  The Lowthers' legal counsel was present for part of the meeting. Defendant Wootton was visibly upset at Judge Parnall for returning custody of the children to Mrs. Lowther. He stated in a loud voice that restoring Mrs. Lowther's custody rights would "ruin his criminal case."  Defendant Wootton's comments could be heard outside chambers.

Id. ¶ 232.  "Immediately after the hearing Defendant Wootton arrested Mrs. Lowther, at the courthouse, for bribery or intimidation of a witness."  Id. ¶ 233.  "In a criminal complaint filed later that afternoon, Defendant Wootton alleged that on October 19, 2017, he was 'contacted by Betty DuBoise, A.L.'s teacher, who informed him [A.L.] disclosed that [Mrs. Lowther] had told her not to say anything to anyone regarding the sexual abuse perpetrated by [Dr. Lowther].'"  Id. ¶ 234.  However, "Defendant Wootton did not obtain sufficiently reliable corroborating evidence to substantiate the allegation. In a forensic interview A.L. denied telling DuBoise that her mother

told her not to talk to anyone about the alleged abuse." Id. ¶ 237. "The arrest was made in retaliation for the children's court's custody determination, which Defendant Wootton adamantly disagreed with." Id. ¶ 239. "The arrest was conducted in bad faith and with malicious intent to interfere with Mrs. Lowther's custody rights." Id. ¶ 240. "Mrs. Lowther was arrested, booked into jail, placed in a jumpsuit, strip and body cavity searched, forced to take an unsanitary pregnancy test, and then released on personal recognizance." Id. ¶ 241. At Mrs. Lowther's initial appearance before the Bernalillo County Metropolitan Court, the district attorney's office informed the judge that Mrs. Lowther would not be prosecuted, id. ¶ 243; no charges were ever brought against her, id. ¶ 244.

In March 2018, prosecutors abandoned the criminal case against Dr. Lowther. Id. ¶ 250. CYFD also dismissed the abuse and neglect petition against Dr. Lowther. Id. ¶ 249.

The claims raised in Lowther II are all related to Detective Wootton's arrest of Mrs. Lowther on November 7, 2017, as described in the Amended Complaint in Lowther I. See ECF No. 35 at 1 (stating that the claims and allegations contained in the First Amended Complaint in Lowther II "arise out of intentional and illegal conduct committed on November 7th, 2017"); see also id. ¶¶ 56-68, 71-85, 1(86) – 4(89).[7] Additionally, the First Amended Complaint in Lowther II contains many of the same allegations as the Amended Complaint in Lowther I concerning the events beginning August 30, 2017, and leading up to Mrs. Lowther's arrest on November 7, 2017, see id. ¶¶ 9-67, which Plaintiffs included to "provid[e] necessary historical context for Plaintiff's November 7th, 2017, arrest and subsequent prosecution[,]" id. at 1-2. And the First Amended Complaint in Lowther II contains similar allegations to the Amended Complaint in Lowther I

---

7   See Note 4, supra.

concerning the dismissal of the claims against Mrs. Lowther, the state attorney's decision to drop the criminal case against Dr. Lowther, and the family's reunification in April 2018. Id. ¶¶ 68-70. Thus, the Court finds that the claims raised in Lowther I and Lowther II are indisputably related in time, space, origin, and motivation such that they form a series of connected transactions and, therefore, were required to be brought in one lawsuit. See King, 117 F.3d at 447 (finding that the plaintiff's first lawsuit against his former employer alleging employment discrimination, and second lawsuit against his former employer alleging violations of the Employee Retirement Security Act for failing to pay severance benefits, were sufficiently related in "time, space, origin, or motivation" that they formed a "series of connected transactions" and were required to be brought in one lawsuit).

**D.  Full and fair opportunity to litigate the claims in the prior suit**

Because all of the requirements are met, "res judicata is appropriate unless the party seeking to avoid preclusion did not have a 'full and fair opportunity' to litigate the claim in the prior suit." MACTEC, Inc., 427 F.3d at 831 (quoting Yapp, 186 F.3d at 1226 n.4).  This inquiry looks to whether there was "any deficiency that would undermine the fundamental fairness of the original proceedings." Petromanagement, 835 F.2d at 1334.  "The fairness of the process is determined by examining any procedural limitations, the party's incentive to fully litigate the claim, and whether effective litigation was limited by the nature or relationship of the parties." Nwosun, 124 F.3d at 1257-58.

Plaintiffs argue that they "could not diligently prosecute Lowther II because of the various discovery stays that were entered in Lowther I."  ECF No. 59 at 4.  However, as Defendants aptly point out, "[t]he test is not whether Plaintiffs had a full and fair opportunity to litigate the second lawsuit—indeed, the whole point of res judicata is to prevent just that." ECF No. 60.  Instead, this

"narrow exception" to preclusion "applies only where the requirements of due process were not afforded, see Crocog Co. v. Reeves, 992 F.2d 267, 270 (10th Cir. 1993)—where a party shows 'a deficiency that would undermine the fundamental fairness of the original proceedings,' Nwosun, 124 F.3d at 1257 (citation omitted)." Lenox MacLaren Surgical Corp. v. Medtronic, Inc., 847 F.3d 1221, 1243 (10th Cir. 2017).  Plaintiffs have not argued or established any deficiency that would undermine the fundamental fairness of Lowther I.  Therefore, the Court finds that Plaintiffs had a full and fair opportunity to litigate their claims in the prior suit, and their claims are precluded by res judicata.

## IV. Conclusion

Accordingly, it is **HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss Based on Res Judicata, ECF No. 55, is **GRANTED**;

2. This case is **DISMISSED with prejudice** as res judicata;[8]

3. All pending motions are **DENIED AS MOOT**; and

4. This case is now **CLOSED**.

*[signature: Margaret Strickland]*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[8] See MACTEC, 427 F.3d at 827, 833 (affirming district court's dismissal with prejudice of declaratory judgment action as res judicata).